**H. A. JACKSON, an individual formerly doing business as Jackson Products, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12685.**

United States Court of Appeals
Sixth Circuit.
March 20, 1957.

334

William J. Murray and Melvin S. Huffaker, Detroit, Mich. (Smith & Huffaker, Detroit, Mich., on the brief), for appellant.

Harland F. Leathers, Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Melvin Richter, Atty., Washington, D. C., Fred W. Kaess, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, ALBERT LEE STEPHENS of the Ninth Circuit, and ALLEN, Circuit Judges.

PER CURIAM.

 We are here asked to determine whether in an action by the United States to recover excessive profits conceded to be due under the Renegotiation Act,[1] the defendant-appellant can litigate the correctness of the amount of tax credit allowed against such excessive profits. We are of the opinion that the defendant-appellant cannot do so and adopt the reasoning of the Court in United States v. Failla, D.C.N.J., 120 F.Supp. 797 and

United States v. Failla, 3 Cir., 219 F.2d 212. The remedy available to defendant-appellant is to pay the amount of the admitted excessive profits, less the allowed tax credit, and then seek a refund from the Internal Revenue Service of so much of the payment as represents the additional tax credit which defendant-appellant asserts has been erroneously denied. If the claim for refund is denied or is not acted on within six months, then defendant-appellant may sue to recover the amount claimed.

We also hold that the district court was correct in allowing interest on the balance of excessive profits due from the date of demand to the date of entry of judgment and also properly acted within its discretion in fixing the rate of interest at five per cent. United States v. Abrams, 6 Cir., 197 F.2d 803, certiorari denied 344 U.S. 855, 73 S.Ct. 93, 97 L.Ed. 664.

Judgment affirmed.

---

1. Section 403 of the Sixth Supplemental Defense Appropriation Act, 1942, 56 Stat. 245, amended by section 801 of the Revenue Act of 1942, 56 Stat. 982, and by section 701 of the Revenue Act of 1943, 58 Stat. 78, 50 U.S.C.A.Appendix, § 1191.